UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

CHARLES MILLER, IRA G. GLOVER, )
BUDDY BIRDSONG, JUSTIN EABES, )
                                )
     *Plaintiffs,*              )
v.                              )     No. 4:07-cv-14
                                )
SHERIFF MURRAY BLACKWELDER,     )     *Mattice/Lee*
BRENDA BURNS, and LINCOLN COUNTY )
GOVERNMENT,                     )
                                )
     *Defendants.*              )

## **MEMORANDUM**

On February 20, 2007, Charles Miller ("Miller"), Ira G. Glover ("Glover"), Buddy Birdsong ("Birdsong"), and Justine Eabes ("Eabes") filed a *pro se* civil rights complaint [Court File No. 2]. Although Miller filed an application to proceed *in forma pauperis* [Court File No. 1], the other three plaintiffs failed to file an *in forma pauperis* application or pay one fourth of the $350.00 filing fee. On March 7, 2007, the Court ordered Glover, Birdsong, and Eabes to either submit a complete *in forma pauperis* application or pay their portion, $87.50, of the $350.00 filing fee.

### I.     **APPLICATION TO PROCEED IN FORMA PAUPERIS**

Presently before the Court are the applications of Miller, Glover, and Birdsong to proceed *in forma pauperis* [Court File Nos. 1, 11, & 12]. Eabes has failed to file his individual *in forma pauperis* application as ordered. Therefore, the Court presumes he does not wish to pursue this matter and as previously forewarned in the Court's March 7, 2007 Order, Eabes is presumed not to be a pauper and will be assessed one-fourth of the filing fee.

1

It appears that Miller and Eabes are incarcerated in the Lincoln County Jail and Birdsong and Glover are incarcerated at Western Tennessee State Prison. Each plaintiff is **DENIED** *in forma pauperis* status [Court File Nos. 1, 11, &12] and will be assessed one-fourth of the $350.00 filing fee, *i.e.*, $87.50.

### A. Fee Assessment for Miller and Eabes

Miller and Eabes are each **ASSESSED** one-fourth of the $350.00 civil filing fee, *i.e.*, $87.50, under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Miller and Eabes' inmate trust accounts at the institution where they now reside shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

 (a) twenty percent (20%) of the average monthly deposits to Miller and Eabes' inmate trust accounts; <u>or</u>

 (b) twenty percent (20%) of the average monthly balance in Miller and Eabes' inmate trust accounts for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of each of these plaintiffs' preceding monthly income (or income credited to each of their trust accounts for the preceding month), but only when such monthly income exceeds $10.00, until each of their portions of the full filing fee, $ 87.50, as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Lincoln County, the custodian of inmate accounts at the Lincoln County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Miller and Eabes' inmate trust accounts complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiffs shall collect the filing fee as funds become available. This order shall become a part of Miller and Eabes' file and follow the inmates if they are transferred to another institution. The agency having custody of the plaintiffs shall continue to collect monthly payments from plaintiffs' prisoner accounts until the entire filing fee of $87.50 is paid.[1]

### B. Fee Assessment for Birdsong and Glover

Birdsong and Glover have each filed their individual *in forma pauperis* applications but both have failed to include a statement certified by the appropriate institutional officer showing all institutional account receipts, expenditures, and balances during the last six months. Birdsong claims he was transferred prior to obtaining a response to his request to have the certificate completed [Court File No. 11]. Glover asserts he did not have sufficient time to obtain the certificate prior to being transported to a new institution. The Court observes that Glover had the certificate

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

notarized without having the required information included in the certificate [Court File No. 12]. Neither party has submitted any documentation reflecting that they attempted to obtain the required information or that they complied with the prison's established procedure to obtain the materials needed for an *in forma pauperis* application.

By Order filed March 7, 2007, the Court informed these plaintiffs they were each to file a complete *in forma pauperis* form and return it, along with a statement certified by the appropriate institutional officer showing all institutional account receipts, expenditures, and balances during the last six months, within twenty days from the date of the Order. Plaintiffs were cautioned that failure to fully comply with this Order within the time required would result in the Court presuming these plaintiffs are not paupers and assessing the filing fee and dismissing the case for failure to abide by the Court's Order and for want of prosecution.

Both plaintiffs have partially complied with the Court's Order and filed incomplete *in forma pauperis* applications. Thus, the Court presumes these plaintiffs wish to pursue this action. However, the certificate sections have not been completed by a prison official, and the applications do not include their certified trust account statements. Consequently, plaintiffs have not demonstrated they are entitled to *in forma pauperis* status. Absent proof that plaintiffs have put forth a genuine attempt to obtain their certified trust account statements, their applications to proceed *in forma pauperis* are **DENIED** [Court File Nos. 11 & 12], and Birdsong and Glover will each be **ASSESSED** one-fourth of the $350.00 filing fee, $87.50.

Birdsong and Glover are each **ASSESSED** one-fourth of the $350.00 civil filing fee, *i.e.*, $87.50, under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Birdsong and

Glover's inmate trust accounts at the institution where they now reside shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Birdsong and Glover's inmate trust accounts; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in Birdsong and Glover's inmate trust accounts for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of these two plaintiffs' preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until each of their portions of the full filing fee, $ 87.50, as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden of Western Tennessee State Penitentiary, the custodian of inmate accounts at Western Tennessee State Penitentiary, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Birdsong and Glover's inmate trust accounts complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of these two plaintiffs shall collect the filing fee as funds become available. This order shall become a part of inmate Birdsong and Glover's files and follow the inmates if they are transferred to another institution. The agency having custody of these two

plaintiffs shall continue to collect monthly payments from plaintiffs' prisoner accounts until the entire filing fee of $87.50 is paid.[2]

## II. STANDARD OF REVIEW

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993);

---

[2] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

*Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

### A. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d [528] 529-30 [1997]. We make it explicit: a court's responsibility under

the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### B. 42 U.S.C. § 1983 Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied*, 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

In analyzing a § 1983 claim, the Court must initially determine whether the plaintiffs possessed a federal constitutional right that has been invaded. Plaintiffs allege the Lincoln County Jail's law library is "grossly deficient" and as a result they were denied their constitutional right to access to the courts. To state a § 1983 claim, plaintiffs must allege sufficient facts that, if true, would establish the defendants deprived them of a right secured by the Constitution of the United

8

States while they acted under color of law. *See Brock*, 94 F.3d at 244. The Court concludes plaintiffs' allegations fail to state a viable claim under § 1983.

## III. ANALYSIS

Plaintiffs claim defendants have denied them access to an adequate law library. Plaintiffs allege the law library is "grossly deficient" in that pre-trial detainees are prevented from conducting any research or completing any legal work. Plaintiffs aver that there are no para-legals or inmate clerks "to assist and guide indigent and ignorant of the law pre-trial detainees in the proper books to read or correct avenue to take for a proper defense." [Court File No. 2].[3] Plaintiffs contend they are not provided any legal material, copy machines, type-writers, computers for Lexis and Westlaw research, Federal Reporters, Federal Supplements, Tennessee Decisions, Southwest Reporters, or 2007 State or Federal Court Rules. Additionally, plaintiffs assert that the Tennessee Code books are outdated. Plaintiffs request the Court to compel Lincoln County Jail to provide an adequate law library.

States have affirmative obligations to ensure prisoners and pretrial detainees meaningful access to the courts, including providing paper and pen, notarial services, stamps, and either adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 824-28 (1977). However, it is not enough for the plaintiffs to simply allege an adequate law library or some alternate form of legal assistance was not made available to them. In order for the plaintiffs to prevail on their claim that they were denied access to a law library or paralegal, the plaintiffs must

---

[3] Apparently plaintiffs have pending criminal cases which they wish to research. However, once counsel is appointed, the state has fulfilled its constitutional obligation to provide full access to the courts. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

9

demonstrate the conduct of the defendants actually prevented their access to courts or it actually prejudiced their ability to litigate a lawsuit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bey v. Toombs*, 19 F.3d 1432 (6th Cir. Mar. 28, 1994) (Unpublished table decision), available in 1994 WL 105900, at *2. *Lewis* made clear that denial of an adequate law library or adequate assistance is not actionable unless the inmate can show that he suffered actual injury as a result of the inadequacy. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense....[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance programs hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. at 351.

To prove they were denied access to court, plaintiffs must show actual injury which has been defined as, "actual prejudice with respect to contemplated or existing litigation such as the inability to meet a filing deadline to present a claim." *Lewis v. Casey*, 518 U.S. at 348. Even in a systemic case where the prison officials have utterly denied prisoners all access to legal resources and materials, a plaintiff still must show his attempts to present a non-frivolous claim respecting his conviction or conditions of confinement were somehow impeded. *See Lewis*, 518 U.S. at 353 n. 4.

Here, plaintiffs claim the defendants fail to provide an adequate law library. However, plaintiffs have failed to specifically identify any prejudice to their ability to litigate a lawsuit, rendering this claim vague and factually unsupported. *See Lewis v. Casey*, 518 U.S. at 352-53. Furthermore, plaintiffs do not identify any ongoing court case which was prejudiced. The Court notes the file in the present case fails to support the Plaintiff's vague complaint of interference with access to court. Accordingly, this claim of being denied access to court does not entitle plaintiffs to relief.

Plaintiffs do not state how the inadequate jail library has affected them personally or otherwise violated their constitutional rights. Therefore, plaintiffs have failed to demonstrate their right of access to the courts was denied by virtue of an inadequate law library. Because plaintiffs have failed to specify how they were prejudiced in pursuing a non-frivolous lawsuit, the Court concludes their claim lacks merit. Accordingly, plaintiffs' complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted.

A separate judgment order will enter dismissing plaintiffs' complaint in its entirety.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE